Burket, J.
The entry sufficiently shows that plaintiff in error gave bond as assignee, and that being so, he is entitled to appeal without filing an appeal bond. Section 5228, Revised Statutes.
The remaining question is as to whether the case is appealable. The answer to this question depends upon the relief sought in the action actually prosecuted, and not upon relief which might have been had *424 in other actions which might have been brought upon the same state of facts. It sometimes occurs that a petition may be framed upon the same state of facts so as to be triable either to a court or jury as the pleader may elect, and if in such cases the petition is framed so as to present an issue for the court, an appeal cannot be dismissed upon the ground that the issue might have been so framed as to be triable by a jury.
The punishment, as for contempt of court under Section 5397, Revised Statutes, is not the equivalent of specific performance, and cannot be made a substitute therefor. If that section had been invoked the cause of action for specific performance would not have been thereby merged, but would still have remained the same as if no action had been taken under that section.
The cause of action stated in the petition is for specific performance, and such an action involves more than a recovery of money. Before any money judgment can be rendered, the court must examine and weigh the equities of the case, and exercise its sound judicial discretion, and thereby determine whether or not specific performance should be decreed.
This weighing of equities, and the exercise of judicial discretion, are inseparable parts of such an action, and determine whether specific performance should be decreed or not; and if in favor of such performance, the judgment of the court is thereafter moulded so as to be applicable to the facts in each particular case. The equitable considerations and exercise of sound judicial discretion, are the body and substance of such an action, and a judgment for money or other relief in any particular case, is only an incident flowing from the determination of the body of the case. The body or substance of such an action is essentially *425 equitable, because equities can be determined and judicial discretion exercised by a court only, and not by a jury.
The equitable character of the action is determined by the pleadings, and not by the judgment rendered. Hull v. Bell, 54 Ohio St., 228.
The nature of an action for specific performance is well stated in Williard v. Taylor, 8 Wallace 557; 3 Pomeroy’s Equity, p. 446; Tiffin v. Shawhan, 43 Ohio St., 178. The following is quoted from the syllabus in the latter case: “The duty of a court of equity to decree specific performance of a contract to convey real estate, cannot be determined by any fixed rule, but depends upon the peculiar facts and equitable considerations of each case, and rests in the sound discretion of the court, guided and regulated, .however, in the exercise of that discretion, as far as may be, by precedent and established practice.
“If the specific performance of such a contract would be harsh, oppressive, or inequitable in its consequences, or Avould leave the purchaser with a doubtful and unmarketable title, the court, in the exercise of its discretion, will refuse to decree its performance, as no man will be compelled to accept a doubtful title.”
In that case specific performance was sought and also a money judgment for the value of the real estate. In the case at bar specific performance is sought with a money judgment for one-third of the price, and notes and mortgage for the remaining two-thirds. To decree the giving of these notes and mortgage it is necessary to invoke the equitable powers of the court, and for that reason the action is triable by the court and not by a jury. In the case of Jones v. Booth, 38 Ohio St., 405, 408, an action by a vendor against a vendee *426 for specific performance and purchase money, was held to be appealable.
It is urged that when the defendant refused to complete his purchase, that the whole amount of the purchase price became due, and could be recovered at once in an action at law. But even if this be so, it is a sufficient answer to say that the plaintiff did not elect to so treat the matter, and did not institute that kind of an action; and further, that an action for the recovery of the entire purchase price would still be a proceeding for specific performance, and the money judgment could not be recovered until after the court should pass upon the equity of the case and exercise its judicial discretion as is always required in such an action, and as was done in the case of Tiffin v. Shawhan, supra, and Jones v. Booth, supra.
The conclusion is that the action is appealable, and that the circuit court erred in dismissing the appeal. The judgment of the circuit court will therefore be reversed, the motion to dismiss the appeal overruled, and the cause remanded to the circuit court for further proceedings according to law.

Judgment reversed.